## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

James R. Dooley

March 1, 1990

Case No. (Law) 92996

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court upon the defendant's Motion to Dismiss the Rule to Show Cause why he should not be found to be an Habitual Offender.

Defendant's Motion relies upon two grounds: (1) that Title 46.2 governs these proceedings since the hearing was subsequent to October 1, 1989, that the predicate offenses were violations of Title 46.1, in force until October 1, 1989, and offenses under Title 46.1 may not be counted as predicate offenses in this proceeding under Title 46.2, and; (2) that the predicate offense stated in the information, "Drive on suspended O. L." on May 25, 1984, does not specify the reason or code section for the suspension, and the offense may therefore not be counted in this proceeding.

With regard to whether this matter is governed by Title 46.2 or not, that question would appear to be answered by § 1-16, Code of Virginia (1950), as amended, which provides, in pertinent part:

> No new law shall be construed to repeal a former law, as to any offense committed against the

former law, or as to any act done, any penalty, forfeiture, or punishment incurred . . . or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred . . . save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings . . . .

Certainly the repeal of Title 46.1 was accomplished by a new law and, in the Court's opinion, was governed by § 1-16 above. As such, the Court finds that § 46.1-387.2 is the applicable statute, and offenses committed under Title 46.1 are properly counted as predicate offenses in this Habitual Offender proceeding.

The defendant's second argument, however, has merit. The Code sections of the offenses that may be counted as predicate offenses are specifically stated in Section 46.1-387.2, Code of Virginia (1950), as amended. The offense relied upon by the Commonwealth here, aside from lacking an identifying code section, also fails to point out any basis for conviction. The defendant's Transcript of Record fails to indicate any prior conviction which would account for the defendant being suspended at the time of the alleged offense. This total lack of any showing that the offense constituted a *valid* predicate conviction specified in Section 46.1-387.2 prevents the offense from being counted as a predicate offense, and the defendant's Motion to Dismiss on this ground is granted.

Counsel for the defendant will please draft an Order granting the Motion to Dismiss as stated herein, preserving all objections, and forward the same to Ms. Swart for endorsement and presentment to the Court for entry.